UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES A. HARPER,

        Plaintiff,

Case No. 1:20-cv-249

Honorable Hala Y. Jarbou

v.

GREEN COVE SPRINGS MARINA, et al.,

        Defendants.
_____/

## ORDER

This action concerns one or more boats owned by Plaintiff Charles A. Harper, who is acting *pro se*. *See also Harper v. Speakman*, Case No. 1:20-cv-250 (W.D. Mich.). Plaintiff's filings are remarkably cryptic, but he "appears to allege that Defendants damaged and/or failed to repair one or more boats [he] owns" and "also appears to allege that Defendants have threatened to place liens on his property if he fails to pay amounts that are not properly owed." (Report and Recommendation 2, ECF No. 6.) Two Defendants remain in this suit: Green Cove Springs Marina and Robert Speakman. (*See* Order Adopting Report and Recommendation, ECF No. 15.) Defendant Green Cove moved to dismiss (ECF No. 21) and Harper moved for summary judgment (ECF No. 24). The Court will resolve both motions here.

### I.  Defendant's Motion to Dismiss

Green Cove seeks dismissal on two grounds: lack of personal jurisdiction and failure to state a claim. In the alternative, it seeks an order for a more definite statement from Harper, given his nearly indecipherable pleadings and other filings. Finally, Green Cove claims that Defendant Speakman died in May 2020 and thus should also be dismissed from the lawsuit. The Court agrees

that it lacks personal jurisdiction over Green Cove and the motion will be granted on those grounds. The Court will therefore not consider the motion's arguments relating to failure to state a claim or the need for more definite statements.  With respect to the request to dismiss Speakman, the Court notes that Green Cove's attorney does not represent Speakman.  Green Cove's request that Speakman be dismissed will therefore be denied.

A federal court cannot hear a case unless it can exercise personal jurisdiction over the defendants. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).  A federal court may exercise personal jurisdiction over an out-of-state defendant if it is "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment."  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002).  Authorization by state law is determined by that state's long-arm statute.  *See id.*  The Due Process Clause simply commands that the defendant has "sufficient 'minimum contacts'" with the state "so that the exercise of jurisdiction over [the defendant] would not offend 'traditional notions of fair play and substantial justice.'"  *Id.* at 889 (quoting *Int'l Shoe*, 326 U.S. at 316).

Green Cove is a Florida corporation with its principal place of business in Florida. (Harvey Aff., ECF No. 21-1, PageID.209.)  As an out-of-state defendant, the Court can exercise personal jurisdiction over Green Cove if authorized by Michigan's long-arm statute and if Green Cove has sufficient minimum contacts with Michigan such that the Court's exercise of personal jurisdiction would comport with the Due Process Clause.

Michigan's long-arm statute empowers the Court to exercise personal jurisdiction over a defendant whose actions creates any of the following relationships:

(1) The transaction of any business within the state.

> (2) The doing or causing an act to be done, or consequence to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of real or tangible personal property situated within the state.
>
> (4) Contracting to insure a person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
>
> (6) Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.
>
> (7) Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Mich. Comp. Laws § 600.705.

So far as the Court can tell, all the actions complained of occurred in Florida, where Green Cove dealt with Harper's boats in some way that Harper found dissatisfactory. (*See also* Def.'s Br. in Supp. of Mot. to Dismiss 8-9, ECF No. 21.) Other than the fact that Harper resides here, the Court discerns no connection between this case and the state of Michigan. Green Cove is a citizen of Florida and either damaged and/or placed liens on Harper's boats in Florida. Michigan law does not authorize the Court to exercise jurisdiction over Green Cove. For the same reasons, Green Cove lacks sufficient minimum contacts with Michigan, and thus exercising jurisdiction would violate the Due Process Clause. Green Cove must be dismissed.

Similar personal jurisdiction concerns may apply to Speakman. And he is no longer a proper defendant in any event since he is apparently deceased. Nevertheless, the Court will not entertain Green Cove's request to dismiss Speakman because neither Green Cover nor its counsel represent Speakman. Green Cove's motion will be denied in this respect.

## II. Plaintiff's Motion for Summary Judgment

In response to Green Cove's motion to dismiss, Harper filed a motion for summary judgment. Harper appears to acknowledge that Speakman is deceased. In all other respects, the motion is utterly indecipherable. To the extent that the motion requests summary judgment against Green Cove, that request will be denied because the Court lacks jurisdiction over that Defendant. The motion is further improper to the extent it requests summary judgment against a now-deceased Speakman. The motion will therefore be denied and Harper will be ordered to show cause why Speakman should not be dismissed as a Defendant.

Accordingly,

**IT IS ORDERED** that Defendant Green Cove's motion to dismiss (ECF No. 21) is **GRANTED** with respect to lack of personal jurisdiction but **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendant Green Cove is **DISMISSED** for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, within 14 days of the date of this Order, **SHOW CAUSE** why Speakman should not be dismissed as a Defendant in this case.

Dated:   January 22, 2021                                /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         UNITED STATES DISTRICT JUDGE